This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38258**

**SYED ASKARI,**

Plaintiff-Appellant,

v.

**TAJ & ARK LLC,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Syed Askari
El Paso, TX

Pro Se Appellant

TAJ & Ark LLC
Las Cruces, NM

Pro Se Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals from the district court's judgment in favor of Defendant resulting from Plaintiff's claims of breach of construction contract and warranty agreement. This Court issued a notice of proposed disposition proposing to affirm the district court's judgment. Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Plaintiff raises six issues in his memorandum in opposition, the following three of which are new: (Issue 1) the construction contract was ambiguous, and therefore, the case should be remanded for a new trial; (Issue 4) Defendant breached the warranty by misrepresenting the dates on the certificate of occupancy; (Issue 5) the jury should have

disregarded statements of counsel. [MIO 3-4] These issues were not raised in the docketing statement, and we therefore construe them as a motion to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. In order for his Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that "(1) the motion be timely," (2) . . . the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal[,]" and (3) the issues raised are "viable." *Id.* ¶ 42.

{3}     Plaintiff's newly raised arguments are not adequately developed, *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."), and lack a recitation of all of the facts material to a consideration of the issues he has presented, *see Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). It is also unclear if these issues were preserved by being raised before the district court. *See Losey v. Norwest Bank of N.M., N.A. (In re Norwest Bank of N.M., N.A.)*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation); *see also Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Therefore, we deny Plaintiff's motion to amend because Plaintiff has not demonstrated that his asserted issues are viable. *See Moore*, 1989-NMCA-073, ¶¶ 42-44 (describing a viable argument as "colorable, or arguable, and to distinguish arguments that are devoid of any merit").

{4}     Plaintiff also continues to argue in his memorandum in opposition: (Issue 2) the district court erred in failing to hold Defendant in contempt; (Issue 3) the district court erred in failing to try the case on his "misappropriation of United States Treasury Dollars[,]" "deceptive and fraudulent trade practices[,]" "dangerously poor and sub[]standard work[,]" and "delay in construction project" claims; and (Issue 6) the jury could have disregarded the false testimony of Defendant's witnesses. [MIO 3-5] We addressed these issues in the notice of proposed disposition and Plaintiff has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. [*See* CN 4-9] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this

requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** For the reasons stated above, and for the reasons stated in our notice of proposed disposition, which Plaintiff did not specifically refute, we affirm the district court's judgment.

**{6}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**